Seth A. Woolson, WSBA #37973
Holly M. Stafford, WSBA #40674
T. Todd Egland, WSBA #48788
Chmelik Sitkin & Davis, P.S.
1500 Railroad Avenue
Bellingham, WA 98225
Telephone: (360) 671-1796
Facsimile: (360) 671-3781
Email: swoolson@chmelik.com
       hstafford@chmelik.com
       tegland@chmelik.com
Attorneys for the Port of Bellingham

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PORT OF BELLINGHAM, a Washington
Municipal Corporation,

                Plaintiff,

    vs.

BORNSTEIN SEAFOODS INC, a
Washington Corporation

              Defendants.

No. 2:21-cv-00245-BJR

**PLAINTIFF'S MOTION TO REMAND TO WHATCOM COUNTY SUPERIOR COURT**

## I.  RELIEF REQUESTED AND CERTIFICATION OF CONFERRAL

Plaintiff Port of Bellingham (the "Port") hereby moves this Court pursuant to 28 U.S.C. §
1447 for an order remanding this action to Whatcom County Superior Court because Defendant
Bornstein Seafoods Inc.'s ("Bornstein") Notice of Removal fails to establish federal subject matter
jurisdiction or supplemental jurisdiction.[1] The Port certifies that it has attempted to confer with

---

[1] Bornstein is a Washington profit corporation.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

Bornstein prior to filing this Motion.[2] Specifically, on March 1, 2021, the Port issued correspondence to Bornstein requesting that it withdraw its Notice of Removal by March 5, 2021 at 5:00pm.[3] On March 5, 2021 Bornstein contacted the Port to request an extension to respond to its request.[4] An extension was granted by the Port for Bornstein to respond by March 8, 2021 at 5:00pm.[5] On March 9, 2021, Bornstein declined to withdraw its Notice of Removal.[6] On March 11, 2021 the Port and Bornstein conferred again via telephone conference regarding Bornstein's refusal to withdraw its Notice of Removal and the Port's intention to file this Motion to Remand.

## II.  EVIDENCE

This Motion is based on the instant Motion to Remand, Declaration of Seth A. Woolson concurrently filed herewith, and the papers and pleadings on file herein, including the file transferred from Whatcom County Superior Court.

## III.  FACTUAL BACKGROUND

The Port has owned certain real property upland to the I & J Waterway in Bellingham, Whatcom County, Washington (the "Property"), including the berthing areas on its south side, from 1944 to the present.[7] Bornstein, a Washington corporation, has occupied the Property and operated a seafood processing plant since 1959 pursuant to a series of lease agreements and renewals with the Port.

In September 2002, the Washington Department of Ecology ("Ecology") notified the Port that it was a potentially liable person for contamination found at the Property under the Model Toxics Control Act ("MTCA"). Subsequently, in 2004, Ecology notified Bornstein that it was also a potentially liable person under the MTCA.

---

[2] *See Declaration of Seth A. Woolson in Support of Plaintiff Port of Bellingham's Motion to Remand to Whatcom County Superior Court* ("Woolson Decl.") at ¶¶ 2-3.
[3] *Id.* at ¶ 2 and Exhibit "A."
[4] *Id.* at ¶ 3 and Exhibit "B."
[5] *Id.*
[6] *Id.*

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

On February 1, 2021, the Port filed a lawsuit in the Superior Court of Whatcom County asserting state law causes of action seeking contribution from Bornstein for recovery of remedial action costs under the MTCA incurred because of the release of hazardous substances, including petroleum. *Compare* RCW 70A.305.020(13)(d) ("'Hazardous substance' means…[p]etroleum or petroleum products,") to 42 U.S.C. §9601(14) ("[t]he term 'hazardous substance'…does not include petroleum.")[8] The Port did not allege or bring any claims under federal law.

On February 26, 2021, Bornstein filed its Answer, Affirmative Defenses and Counterclaims. Bornstein's counterclaims are for relief under the MTCA and the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").[9] Also, on February 26, 2021, Bornstein filed a Notice of Removal of Action Under 28 U.S.C. § 1441 claiming federal court jurisdiction due to its CERCLA counterclaim.[10]

## IV. ISSUES

1.      Whether Bornstein established federal subject matter jurisdiction by filing a counterclaim alleging a federal claim for relief under CERCLA in response to the Port's complaint alleging only state law causes of action under MTCA.

2.      Whether CERCLA preempts MTCA, and therefore provides the federal court with supplemental jurisdiction.

3.      Whether the Port is entitled to its reasonable attorneys' fees and costs for this motion.

---

[7] The background facts regarding the contamination history of the I & J Waterway are taken from Plaintiff's Complaint, which is attached as Exhibit "C" to the Woolson Decl. for ease of reference.
[8] *See* Woolson Decl. at Exhibit "C."
[9] A copy of Bornstein's Answer, Affirmative Defenses, and Counterclaims is attached as Exhibit "D" to the Woolson Decl.

MOTION TO REMAND
2:21–cv –00245–BJR

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

# V.  ARGUMENT

## A.     There is No Federal Subject Matter Jurisdiction Over This Case.

Federal Courts have long held that a defendant may not create federal jurisdiction by filing federal law counterclaims in response to an original complaint where only state law causes of action are asserted. The Ninth Circuit's opinion in *Takeda v. Northwestern National Life Ins. Co.* addressed this exact issue. 765 F.2d 815, at 821-822 (1985). In *Takeda*, the plaintiff filed a lawsuit against the defendant in California state court "alleg[ing] state law claims for unfair competition." *Id.* at 817. The defendant answered the plaintiff's complaint and filed a counterclaim against the plaintiff alleging a new federal claim for relief under the Employee Retirement Income Security Act ("ERISA"). *Id.* The defendant subsequently sought to have the case removed to federal court based on its federal counterclaim. *Id.*

On appeal, the Ninth Circuit noted that "[a] case 'arises under' federal law *only if the federal question appears on the face of the plaintiff's well-pleaded complaint*" and that "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question...." *Id.* (internal citations omitted) (emphasis added). Thus, the Ninth Circuit concluded in *Takeda* that because "[p]laintiffs sued under state law; [and] did not allege that their claims were based on federal law...[t]he federal question defendants raise in their counterclaims does not provide a basis for removal." *Id.* at 822.

The United States Supreme Court has further confirmed this reasoning. In *Home Depot U.S.A., Inc. v. Jackson*, the Court stated that it "has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." 139 S.Ct. 1743, 1748 (2019). The Court further explained that a District Court must "evaluate whether the *plaintiff could have filed its operative complaint in federal court.*" *Id.* (emphasis added). The Court ultimately determined in *Home Depot* that "Section 1441(a) thus *does not permit removal based on counterclaims at all,* as a counterclaim

---

[10] A copy of Bornstein's Notice of Removal (without exhibit) is attached as Exhibit "E" to the Woolson Decl.

MOTION TO REMAND
2:21–cv –00245–BJR

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* (emphasis added).

The Port did not, and could not, have brought its MTCA claims in federal court because the contaminants at issue include petroleum, which is expressly regulated under MTCA and expressly not regulated under CERCLA. Because the Port's original Complaint contained only state law claims for relief, Bornstein cannot create federal jurisdiction by making a counterclaim alleging a new federal claim. As such, the Whatcom County Superior Court retains original jurisdiction over this matter, not the Federal Courts. This Court should remand consistent with controlling Supreme Court caselaw.

**B.    CERCLA Does Not Preempt Washington State Law to Create Federal Jurisdiction.**

Federal courts, in certain cases, have found that "where a state law claim is 'completely preempted' by a federal statute, 'even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes.'" *State v. Monsanto Company*, 274 F.Supp.3d 1125, 1132 (W.D. Wash., 2017) (citing *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007)). However, where a federal statute "expressly precludes [the court] from adopting it," courts have held that federal jurisdiction does not apply. *Weiss v. Kuck Trucking, Inc.*, 166 Fed.Appx. 931, 932 (9th Cir. 2006). Moreover, the CERCLA explicitly states that:

> [n]othing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State.

42 U.S.C. § 9614(a).

In *Monsanto*, after being sued by the plaintiff in state court for state tort causes of action, the defendant removed to federal court claiming in part that there existed federal question jurisdiction under the CERCLA for "damages to the state's natural resources." *Monsanto*, at 1132. However, by applying 42 U.S.C. § 9614(a) the District Court concluded that the plaintiff's state law claims were not preempted, and the plaintiff was therefore "free to seek relief through state law rather than through CERCLA." *Monsanto*, at 1133. Similarly, in *Weiss*, the defendant argued that federal jurisdiction was present because "the EPA had already commenced remedial action." 166

MOTION TO REMAND
2:21–cv–00245–BJR

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

Fed.Appx., at 931. The Circuit Court disagreed, and ultimately found that because the plaintiff's complaint "did not challenge any CERCLA cleanup plan" and because 42 U.S.C. § 9614(a) explicitly precluded the court from applying CERCLA to a purely state law cause of action, federal jurisdiction did not exist. *Id.* at 932. Consequently, in both *Monsanto* and *Weiss*, the court granted the plaintiffs' motion to remand the case back to the state court. *Id.; See also Monsanto*, 274 F.Supp. 3d, at 1132.

Here again, the Port's original complaint consisted of purely state law claims under the MTCA. And while the MTCA may be modeled after its federal counterpart, the CERCLA explicitly does not preempt state laws of the same nature. This is emphasized by the fact that the MTCA covers remediation of petroleum products whereas the CERCLA does not. This is an important distinction which compelled the filing of state law MTCA claims, rather than CERCLA claims, in state court. Thus, respectfully, this Court does not have supplemental jurisdiction over the Port's MTCA causes of action.

**C.      The Port is Entitled to Its Reasonable Attorneys' Fees and Costs.**

Under 28 U.S.C. § 1447(c) the Port is expressly permitted to pursue an award for its attorneys' fees and costs incurred in pursuit of its Motion to Remand. As of the date of this Motion, the Port has incurred Five Thousand Three Hundred and Fifteen Dollars ($5,315.00) in reasonable attorneys' fees and costs in seeking remand.[11] Furthermore, the Port anticipates that it will incur additional fees and costs related to the filing of a reply brief and appearance at any oral argument on this matter. The Port will supplement its fee request in its reply brief.

## VI.   CONCLUSION

Bornstein has failed to establish that federal jurisdiction applies to this case for lack of both subject matter jurisdiction and supplemental jurisdiction. As such, this court should remand this case back to the Whatcom County Superior Court and to award the Port its attorneys' fees and costs in a final amount to be determined on reply.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

**PROPOSED ORDER**

A proposed order is filed herewith.

DATED this 12 day of March, 2021.

SETH A. WOOLSON, WSBA #37973
HOLLY M. STAFFORD, WSBA #40674
T. TODD EGLAND, WSBA #48788

---

[11] A copy of the Port's current cost report related to fees and costs incurred with respect to this motion is attached as
Exhibit "F" to the Woolson Decl.

MOTION TO REMAND
2:21–cv –00245–BJR

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225

1

2

### CERTIFICATE OF SERVICE

3

    I certify under the laws of the United States of America that on the March 12 , 2021 I filed a true and correct copy of the foregoing document with the Clerk of the Court and served counsel below by the method indicated:

4

5

Clark J. Davis
Mark J. Davis                                                    [ ] U.S. Mail

6

Davis Law Office, PLLC                                           [ ] Messenger

7

7191 Wagner Way, Suite 202                                       [X] Email
Gig Harbor, WA 98335                                             [ ] CM/EFC

8

cdavis@cjd-law.com
mdavis@cjd-law.com

9

**Attorneys for Defendant**

10

11

12

Kimiko Torres
Legal Assistant to Seth A. Woolson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO REMAND
2:21–cv –00245–BJR